Close *v.* Olney.

---

## CLOSE and AIKIN, administrators of Close, *vs.* OLNEY.

Where a witness called to establish the defence of usury, declines to testify on the ground that his evidence may expose him to an indictment or subject him to a penalty, and it appears that the statute of limitations has barred all prosecutions, the court is bound to pronounce against his claim to exemption.

Where the period of limitation has elapsed since the making of the usurious agreement, but it does not appear but that the usurious premium may have been received within the period of limitation, the witness may be compelled to disclose the absence of an offence within the period of limitation, by an examination for that purpose, so conducted as not to infringe his privilege.

t is the duty of the court to instruct a witness declining to testify in such a case, that *the actual receipt of the usurious premium,* as well as an usurious agreement, is essential to expose him to a criminal prosecution or subject him to a penalty

---

Close *v.* Olney.

---

ASSUMPSIT, tried at the Cayuga circuit in February, 1844, before MOSELEY, C. Judge. Plea, non-assumpsit.

The plaintiffs gave in evidence a promissory note for $50, made by the defendant, payable to Paul Rhinehart or bearer one year after date, with interest, dated the 28th March, 1837, and rested.

The defendant's counsel stated the defence to be, that the note in question was given upon a loan of $50 by the defendant of Rhinehart the payee, for which the defendant agreed to pay Rhinehart five dollars beyond the legal interest, and consequently that the note was void for usury; and he called Rhinehart as a witness on his behalf, who testified that the note was given to him for money borrowed by the defendant. The defendant's counsel asked the witness how much money he let the defendant have. The witness declined to answer this question, and the plaintiffs' counsel on behalf of the witness insisted that he was not bound to answer any question tending to prove that the note was given upon an usurious consideration, or which should shew that any money had been paid to him under such usurious agreement. The judge inquired of the witness the reason why he declined to answer, who said he feared that his answer might tend to criminate him, or to convict him of a misdemeanor or expose him to a penalty or forfeiture. The judge asked him if he was fearful that he should be prosecuted or indicted in case he should answer, and he said he was. The judge then declared that the witness was not bound to answer, and so instructed him. The defendant's counsel then stated that he proposed to prove only an usurious agreement, and not the payment of any money under it; but the judge held that the witness was still privileged from answering, remarking that the *payment* of the usury might be proved by other testimony, and in that event the disclosure of the usurious agreement by the witness would form a link in the chain of evidence to fasten the offence upon him. The defendant's counsel then offered to shew by the witness that the usurious agreement was made and consummated in March, 1837, and that no act had been done in relation thereto since that period, and insisted that an offence

against the statute of usury, committed more than six years ago, was barred by the statute of limitations, and that in such a case the witness would not be privileged from answering. The judge held otherwise, and excused the witness from answering; but stated that specific questions might be put to him, and if they appeared to be such as he could safely answer, he would direct him to answer them. Upon an examination thus conducted, the witness testified that he lent the defendant the money for which the note was given, at the time the same was given, which was the day of its date; and that he sold the note to the defendant's intestate a few days afterwards, and had never owned it since or had any thing to do with it. The defendant's counsel then offered to prove by the witness an usurious *agreement* made when the note was given, and upon which it was given, but that no usury was in fact ever paid. The judge held that if the witness declined he was privileged from answering any question relating to such an agreement, and the witness did decline giving any testimony on the subject. The defendant's counsel excepted to the several decisions of the circuit judge, and the jury rendered a verdict for the plaintiffs.

*W. T. Worden,* for the defendant, moved for a new trial on a bill of exceptions. (1) Where there is only an usurious agreement, but no usurious premium paid, there is no criminal offence committed. (*Stat. of* 1837, *p.* 487, § 6; *Clark* v. *Badgley,* 3 *Halst. R.* 233; *Henry* v. *The Bank of Salina,* 5 *Hill,* 523, *per Walworth, Ch.; Id.* 527, *note (a).* (2) Where the offence is barred by the statute of limitations, the witness is bound to testify respecting it. (*The People* v. *Mather,* 4 *Wend.* 229; 1 *Phil. Ev.* 223, *note (a); The United States* v. *Smith,* 4 *Day,* 123; *Cowen & Hill's Notes to Phil. Ev.* 739, *note* 516; *Roberts* v. *Allatt,* 1 *Moo. & Mal.* 193.)

*Ward Hunt,* for the plaintiffs. Conceding that the criminal offence consists in the illegal agreement and the actual receipt of an usurious premium, proof of the *agreement* is an important step towards making out the offence; and if the witness

knows that the case is such that he can be proved guilty of the offence, that fact being established, he cannot safely answer, and is privileged from testifying. He is to judge whether his testimony will implicate him or not. (*People* v. *Mather,* 4 *Wend.* 236.)

The offer of the defendant's counsel to restrict the inquiry to proof of an agreement, and his proposal to show a case where no usury was paid, does not relieve the witness from difficulty, for the design was to show the usurious agreement in the first instance and such would have been the order of the proof. Proof of that agreement would answer the purposes of the defendant; but if the other ingredient did in fact exist, the prosecutor upon an indictment against the witness would not be precluded, by the concessions made by the counsel in this case, from showing it.

The facts did not show that the statute of limitations barred the offence. Although the witness had parted with the note more than three years ago, and testified that he had not owned it or had any thing to do with it since, he may still have received the usurious premium agreed upon at the making of the note, within three years of the trial. Suppose he had taken a note for the five dollars usurious premium payable in five years, and it was paid at maturity.

PER CURIAM. The note upon which this suit is brought was made prior to the act of 1837, (*Laws* 1837, *p.* 487, § 6,) by which usury was declared to be indictable. · It is not important whether it was indictable at common law, as before that act the taking of usury subjected the party to a penalty.

The fair import of what the witness stated was that he had received no usury upon this transaction, since the giving of the note, in 1837. If there had been any doubt of this, the judge should have suffered him to be examined upon pertinent questions, so as to compel him to disclose if the fact was so, the absence of any criminal offence within the period of limitation. Questions could have been put to accomplish this purpose without infringing the witness' privilege. But, as before remarked we think enough was stated to show that the statute applied.

Where the statute has barred a prosecution for the offence and all suits to enforce the penalty, the court must see that the witness cannot be prejudiced, and in such a case he is not left to judge whether he can safely testify or not, but the court is bound to pronounce against his claim to exemption.

We think that the judge should have distinctly informed the witness what the ingredients of usury as a penal or criminal offence, were; that it required not only an agreement for usury, but the actual receipt of an usurious premium, and that the existence of the agreement, if no usury was paid, though it might avoid the contract cannot subject him to criminal presentment or to a penalty, or afford him any honest plea for declining to testify. If after such distinct statement he should still declare that he could not safely testify, he would be privileged. There is reason to doubt whether this was as clearly explained to the witness as it should have been.

New trial granted.