EDWARD SPENCER HALL, Respondent, *v.* HERTER BROTHERS, Appellant.

*Corporation — assumption of a firm contract — when letter of a clerk employed by the corporation binds it.*

Upon the trial of an action brought to recover commissions, alleged to have been earned in procuring a contract and superintending its execution, it appeared that while the plaintiff was in the employ of a firm known as Herter Brothers, he procured a valuable contract for fitting and decorating a house, and entered upon the work of superintending its execution; and that (the form of the business having been subsequently changed from that of a co-partnership into that of a corporation styled "Herter Brothers") the corporation continued the performance of the contract and completed it, the work being done under the supervision of the plaintiff.

There was evidence tending to prove that it was stated that the plaintiff should continue with the corporation exactly as he had with the firm.

*Held,* that the jury might infer that the corporation, in the matter of this contract, had assumed the obligations of the firm whose assets it had acquired.

The plaintiff offered in evidence a letter writen to him by the bookkeeper and confidential correspondence clerk of the corporation in relation to his claim, to the admission of which the defendant objected.

*Held,* that the letter was competent evidence against the corporation ;

That when a party is clothed by a corporation with authority to answer for it, the corporation will be bound by any action of his coming within the ordinary executive duties pertaining to the transaction of the business of the corporation.

APPEAL by the defendant, Herter Brothers, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 25th day of April, 1895, upon the verdict of a jury rendered after a trial at the New

York Circuit, and also from an order entered in said clerk's office on the 18th day of April, 1895, denying the defendant's motion for a new trial made upon the minutes.

This action was brought to recover from Herter Brothers, a corporation, commissions alleged to be due the plaintiff under a contract made with the firm of Herter Brothers to whose business the defendant corporation succeeded.

*Julius H. Seymour*, for the appellant.

*C. N. Bovee, Jr.*, and *Frederick B. Campbell*, for the respondent.

VAN BRUNT, P. J.:

William Baumgarten and William G. Nichols were, for a number of years prior to the month of January, 1891, partners doing business as manufacturers of furniture and decorators under the firm name of Herter Brothers. The plaintiff had been in their employ for a number of years, and in January, 1890, he entered into an oral contract with them, by which he was to receive five per cent commission for obtaining and supervising the execution of contracts in the line of business in which the firm was engaged. The plaintiff was given a guaranty of $3,500 or $4,000 per year, any excess of commissions to be credited to him at the end of the year, but such commissions only to accrue when the work on the respective contracts was finished and completed. During the year 1890 the plaintiff entered into negotiations with one Elkins, of Philadelphia, for fitting and decorating his house. The plaintiff prepared estimates for doing the work, which called for $68,860, which estimate was subsequently reduced by Baumgarten to $63,860, and the contract finally taken in May, 1890, for that sum. There were subsequent contracts for additional work, making the aggregate due on the contract $127,225, which amount was in due course paid to the corporation. · In January, 1891, the form of the business was changed from a co-partnership into a corporation entitled "Herter Brothers," Baumgarten and Nichols being the principal stockholders and officers of the corporation. There was no change in the *personnel* of the business after the corporation was formed. To this corporation were transferred all the assets of the partnership, but the instrument which transferred

First Department, November Term, 1895. [Vol. 90.

these partnership assets did not contain a promise to pay the partnership debts. The work upon the Elkins contract was superintended by the plaintiff, and commissions were paid upon this contract by the defendant corporation to the amount of two and one-half per cent; and this action was brought to recover the remaining two and one-half per cent.

There were two issues presented upon the trial, one that the plaintiff was only entitled to two and one-half per cent, and the other that the defendant never promised to pay the firm's indebtedness to the plaintiff.

It is sufficient to say in regard to the first proposition that there is a flat contradiction in the evidence; and, although admissions of the plaintiff to the effect that he had agreed to take two and one-half per cent were offered in evidence, the jury found against the defendant upon this issue, and we see no reason for interfering with their conclusion.

In regard to the claim on the part of the defendant, that it never promised to pay the firm's indebtedness to the plaintiff, there seems to be more ground for the defendant's contention. It is true that there is no direct evidence of the defendant's assumption of this liability, but the jury had the right to infer that it was the intention and understanding of the parties that the defendant would be answerable to the plaintiff for the commissions upon this contract which it was doing and completing, and which the plaintiff was supervising as its employee. There was evidence tending to prove that the plaintiff was continued by the new corporation under the same agreement, and that it was stated that he should continue with the new corporation exactly as he did before, and that he was to continue under the old arrangement with the new corporation and continue with the same contracts he had on hand under the same conditions. The defendant had assumed the Elkins contract, carried it out and completed it. The plaintiff supervised the execution of the contract the same as he had done for the firm, and upon its completion he demanded of the defendant his commissions. We think, as was stated upon the previous appeal, that there was evidence from which the jury might and could properly infer that the defendant upon this contract assumed the obligations of the firm whose assets it had acquired.

It is not necessary to discuss at length these questions, because they are virtually the same as were before the court upon the previous appeal (83 Hun, 19), at which time the court held that there was a question sufficient to go to the jury.

Certain exceptions were taken to the admission of evidence, only one of which it is necessary to notice, and that is a letter written on the 11th of January, 1892, by one De Costa, who was the bookkeeper and confidential correspondence clerk of the corporation, which position he had filled in the firm for years. It appears that the plaintiff made an application to the corporation for a settlement, and that the letter in question was sent to him in reply. This letter, coming from the source from which the correspondence of the corporation ordinarily emanated, was undoubtedly competent evidence as against the corporation. In these trading corporations, whose business is necessarily conducted much the same as that of a firm, it certainly cannot be necessary for every person who has dealings with the corporation to show a resolution of the board of directors of the corporation for everything which is done in and about the business of the corporation when it is attempted to bind the corporation by the action of its officials. In these days, when corporations may be formed for the transaction of any business, where a party is held out by the corporation as occupying a position to answer for the corporation, as it appears beyond question that this correspondent was, the corporation will be bound by any action of his coming within the ordinary executive duties pertaining to the transaction of the business of the corporation; and no resolution of the board of directors will be necessary to clothe with vitality every word that he utters or letter that he writes. If a contrary rule were to be adopted, then these corporations would be mere traps for the purpose of deceiving the unwary and be the means of using the charters conferred by the State as an instrument of fraud.

The judgment and order appealed from should be affirmed, with costs.

FOLLETT and PARKER, JJ., concurred.

Judgment and order affirmed, with costs.