McCREERY et al. v. GHORMLEY et al.

(Supreme Court, Appellate Division, Second Department.    June 23, 1896.)

1. WITNESS—CRIMINATING TESTIMONY—STATUTE OF LIMITATIONS.
   A discovery of defendants' books and papers will not be denied on the ground that defendants would thereby be compelled to furnish evidence that they had committed a crime, where such crime is barred by statute of limitations.

2. DISCOVERY—PROPOSED AFFIDAVIT—SUFFICIENCY.
   On an application for an inspection of defendants' books and papers, an opposing affidavit which states that defendants did not have in their possession or under their control the books and papers of which an inspection is sought, but does not deny the existence of such books and papers, or account for the fact that they are not in defendants' possession or under their control, is not sufficient to defeat the application.

Appeal from special term, Westchester county.

Action by James McCreery and others against William Ghormley and others to set aside certain transfers·and assignments, payments and conveyances and deliveries, by defendants, on the ground that said transfers, etc., were fraudulent and void as against plaintiffs, and were made with fraudulent intent.    From an order granting to plaintiffs discovery and inspection of books, documents, and papers alleged to be in the possession and under the control of defendants, defendants appeal.    Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

John F. Coffin, for appellants.
Eugene G. Kremer, for respondents.

PER CURIAM.    The objection that the proposed discovery compels the defendants to furnish evidence against themselves, tending to establish the commission of a crime, is completely answered by the fact that the statute of limitations has barred any prosecution for the criminal offense.    People v. Mather, 4 Wend. 229;    Close v. Olney, 1 Denio, 319.    See cases cited in opinion in Brown v. Walker, 161 U. S. 588, at page 598, 16 Sup. Ct. 644.

In answer to the application were read the affidavits of the several defendants that neither of them had in his possession, or under his control, the books, papers, and documents of which an inspection was sought. This is the only allegation in the affidavits upon the subject. This assertion was not sufficient to defeat the application. The several defendants did not deny the existence of such books and papers, nor did they account for the fact that such books and papers were not in their possession or control. If the books and papers once existed, it was incumbent upon the defendants to satisfy the court that either they had been lost or destroyed, or how and in what manner the defendants had lost control or possession of them. Perrow v. Lindsay, 52 Hun, 115, 4 N. Y. Supp. 795.

The order appealed from should be affirmed, with $10 costs and disbursements.