WALL ST. EXCH. BLDG. ASS'N v. NEW YORK & W. CONSOL. OIL CO.

(Supreme Court, Appellate Term. March 5, 1908.)

CORPORATIONS—AUTHORITY OF OFFICERS AND AGENTS—RIGHTS OF PERSONS DEALING WITH AGENTS.

While the defense of ultra vires cannot prevail as against the apparent obligation of a contract entered into by a corporation's executive officers and relating to a subject connected with the ordinary prosecution of the corporate business, yet a person who deals with the agents of a corporation, and accepts their assertion of authority while having ground to believe that they have none, takes the risk which would attend the failure of authority.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 1720–1723.]

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Wall Street Exchange Building Association against the New York & Western Consolidated Oil Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Frost & Nieman, for appellant.

Alfred E. Ommen, for respondent.

BISCHOFF, J.   The defendant corporation should have been permitted to prove the fact that at the time of the execution of the lease the plaintiff was informed that the premises were not to be used by this corporation, but by another and distinct concern. While, undoubtedly, the defense of ultra vires could not prevail as against the apparent obligation of a contract entered into by its executive officers and relating to a subject connected with the ordinary prosecution of the corporate business (Hall v. Herter Bros., 90 Hun, 280, 35 N. Y. Supp. 769), a party who deals with the agents of the corporation, and accepts their assertion of authority, while having ground to believe that they have none, necessarily takes the risk which would attend the failure of authority. The ruling of the justice, that the written contract could not be affected by oral statements made at the time of its execution, proceeded upon the theory that the writing was the defendant's contract—a fact, however, which depended upon such proof as the parties might offer upon the question of agency in the individuals who executed it.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J., concurs.

MacLEAN, J. (dissenting).   On June 25, 1906, the plaintiff and the defendant, as lessor and lessee, respectively, executed a writing, containing personal covenants, for the lease of certain premises, to commence July 1, 1906, and to end April 30, 1908. This writing, not sealed, was subscribed with the names of the parties herein and therein; the former "by" its secretary, and the latter "by" its secretary and treasurer. In this action to recover rent for the months of May, June, July, August, and September, 1907, the trial justice rendered judgment in favor of the plaintiff, and properly so, because, notwithstanding the testimony of the officer of the defendant, who subscribed defendant's name to the before-mentioned writing, thereby impliedly warranting his authority to do, that he had no authority so to do, the evidence was sufficient to support a ratification of his act by the defendant; the fact being undisputed and uncontradicted that the defendant paid the rent for the premises up to January 1, 1907.

The fact of entrance into possession was quite immaterial, except as ratification, and, in view of other evidence, quite unnecessary. That the plaintiff, on the defendant's later request, "for convenience in

bookkeeping," addressed bills for rent to the "N. Y. & Cobalt Mfg.
Co.," may in no wise alter the liability of the defendant upon the
writing on which this action is based; nor may parol evidence be in-
troduced for the purpose of showing that before or at the time of the
signing of the writing the agreement was made for another company
and that the plaintiff knew it to be the fact. "There is no doubt that,
where such an agreement is made, it is competent to show that one
or both of the contracting parties were agents for other persons, and
acted as such agents in making the contract, so as to give the benefit
of the contract on the one hand to, and charge with liability on the
other, the unnamed principals; and this, whether the agreement be or
be not required to be in writing by the statute of frauds. * * *
But, on the other hand, to allow evidence to be given that the party
who appears on the face of the instrument to be personally a contract-
ing party is not such, would be to allow parol evidence to contradict the
written agreement, which cannot be done." Higgins v. Senior, 8 Mee-
son & Welsby, 834, 843, a case cited with approval in Briggs v. Par-
tridge, 64 N. Y. 357, 362, 21 Am. Rep. 617.

The judgment should therefore be affirmed, with costs.