STABLEIN, Appellant, v. HUTTERISCHE GEMEINDE, Respondent.

(177 N. W. 810.)

(File No. 4652. Opinion field May 24, 1920.)

1. **Brokers—Employment as Broker, Whether "Contract in Relation to Land"—Statute of Frauds, Whether Within.**

A contract of employment of plaintiff by defendant corporation, to find a purchaser for cartain realty at specified price per acre, he to receive $1 per acre commission, was a contract for plaintiff's services, and not one, "in relation to land" within the meaning of one of the articles of incorporation of defendant corporation providing that certain specified corporate officers are authorized to sign and execute written contracts except deeds and conveyances, and "contracts in relation to land." Nor was it a contract within the statute of frauds.

2.   Contracts—Corporate Employment of Broker to Sell Land—
President's Statement, "We Have Voted to Sell the Colony,".
Hearsay Without Objection, Sufficiency of Re Corporate Vote
For Land Sale—Secretary's Authority—Conversation With
"Householder Head," Competency.

In a suit to recover a broker's commission for sale of land
for a corporation defendant, plaintiff's testimony that defend-
ant's president told him, "We have voted to sell the colony,"
while hearsay, yet, having been received without objection, and
in absence of contrary evidence, it was ample to support finding
that members of the corporation had voted to sell the land;
and while such vote did not authorize consummation of sale, in
absence of written consent required by its articles of incorpora-
tion, it authorized the corporate officers to contract with broker
to find a purchaser.   Held, further, that the secretary of the
corporation, being one of the principal officers and trustees in
management of the corporation, was authorized to bind it in
employing plaintiff as its agent.   Held further, that a conversa-
tion between plaintiff and the House Holder or Head of the
Household" of defendant corporation, concerning the agency,
was improperly excluded by trial court.

3.   Corporations—Corporate President's Authority, Lack of Author-
ity, Burden of Proof Re-Express Authority, Directors' Resolu-
tion, Or Conduct and Acquiescence Re Authority.

Where the authority of the president to bind a corporation is
in controversy, burden is on party asserting lack of authority
to sustain his position by evidence.   Express authority may be
shown by resolution, or by parol evidence of conduct and acqui-
escence which would imply express authority.

4.   Corporations—Assumption of Officer or Agent to Execute Cor-
porate Contracts, Etc., Presumption Re Authorization.

Where an officer or agent assumes as such, to execute cor-
porate contracts, or do any act of a particular kind in behalf of
the corporation, the law presumes a precedent authorization,
regularly and rightfully made.

5.   Estoppel—Land Broker's Trips and Money Expenditures, Cor-
porate Owners' Knowledge of Agency, Whether Benefit to
Owner Necessary to Create Estoppel—Rule Re Corporations—
Hutterische Gemeinde, Non-stockholding Membership, A Family
Members' Knowledge of Agency, Evidence, Admissibility.

In a suit to recover a broker's commission on land sold for a
corporation, it is not necessary to proper application of prin-
ciple of estoppel that the corporation should have received a
benefit from the contract, but it is sufficient that the other
party has acted on the faith of it to his disadvantage, as where

he has expended money on the faith of it; the reason of the
rule being that honesty and fair dealing are highest public
policies, and that a private corporation, a mere collection of in-
dividuals, is no more privileged to repudiate its engagements,
and act dishonestly than a single individual is.  So held,
where plaintiff broker made many trips to the land and expend-
ed time and money in so doing, his employment being known
to corporation owner's principal officers as well as to many of
its members.  Held, further, that any evidence tending to show
knowledge of employment of plaintiff on the part of any of
the male members of said corporation was admissable; this
being a peculiar corporation, having members, not stockholders,
that constitute a colony, in reality a big family.

6.  **Agency—Religious Society—Land Sale, Members of Hutterische
Gemeinde, As Directors, Knowledge by of Agency, Effect re
Estoppel.**

Where the right to sell realty, which would ordinarily vest in
corporate directors, depends, as here, upon the written consent
of a majority of the male members of a Hutterische Gemeinde
held, that if such majority members knew plaintiff had been
employed by the organization to find a purchaser and that he
was expending time and money under such employment, the
corporation is estopped from asserting the employment was
unauthorized.

7.  **Agency—Corporate Employment of Land Broker—Sufficiency of
Evidence, Question for Jury.**

Where plaintiff, seeking an agency for sale of defendant cor-
poration's land, applied to the "Kirche Altester" or "Older
Preacher ' of defendant colony corporation, who gave him the
price per acre and referred him to E, Secretary of the corpora-
tion, to make arrangements for the sale, and who conferred
with E and the "House Holder or Head of the household" of
the corporation concerning the agency and sale, plaintiff to have
$1 per acre as commission; he having produced a purchaser on
the agreed terms, and who to knowledge of the principal
officers and to many of the male members made several trips
and expended certain moneys in performance of his service;
held, that the evidence tended to show the authorized employ-
ment; and the question of such authority was one for the
jury.

8.  **Brokers—Land  Sale Through—Ability, Willingness, To Pay
Purchase Money, Sufficiency of Evidence Re-Refusal to Close
Sale Because Changing Mind, Futility Of—Taking Case From
Jury, Error.**

Where, in a suit for a broker's commission on a land sale,
the purchaser who was procured by the agent testified he told

defendant corporation secretary:. "I came out here to close the deal for the land," and in answer to question as to whether he was able to close the deal and pay for the property at that time, he answered: "Yes, sir, according to the terms of the previous arrangement, I was;" he not having had with him the whole purchase money and tendered no more than $1; that upon seeking to close the deal he was informed that defendant corporation refused to sell because of a telegram received from some of defendant's members then in Canada; held, defendant is not in a position to question ability of purchaser to close the deal; record showing that when asked whether he had made arrangements to raise the money to take the land defendant objected, objection being sustained. **Held,** further that if a realty agent fully performs a contract with land owner, he cannot be prevented from recovering his commission because owner subsequently changed his mind about making a sale of the property. **Held,** further that trial court therefore erred in taking case from jury.

Appeal from Circuit Court, Hutchinson County. Hon. Robert B. Tripp, Judge.

Action by O. K. Stablein, against Hutterische Gemeinde, a corporation, to recover a broker's commission on sale of realty. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

*W. H. Seacat, W. R. Danforth,* and *G. J. Danforth,* for Appellant.

*N. J. Cramer,* and *Coe I. Crawford,* for Respondent.

(1) To point one of the opinion, Appellant cited: Tyler v. Anglo-American Savings and Loan Association, 52 N. Y. Supplement 77.

(2) To point two, Respondent cited: Thompson on Corp. Secs. 4697, 3905-6; Chicago v. Stein, 1912 D. Ann. 294.

(3) To point three, Appellant cited: Thompson on Corp. Sec. 1493.

(4) To point four, Appellant cited: Thompson on Corp. Sec. 2147.

(5) To point five, Appellant cited: Thompson on Corp. Sec. 1946.

Respondent cited, re incompetency of admission of corporate member: 4 Thompson on Corp. Secs. 4919, 4920.

(6)   To  point  six,  Respondent  cited:    Advance  Rumely Thresher Co. v. Evans-Metcalf Implement Co., 175 Pa. 392.

(8)   To  point  eight,  Appellant  cited: Neiderlander v. Starr. 50 Kansas, 770.

Respondent cited:   Walters v. Damsey, 23 S. D. 481.

GATES, J.   Action  to  recover  commission  as  real  estate broker.    The  plaintiff  appeals  from  a  judgment  entered  upon  a directed verdict and from an order denying a new trial.

The  evidence  on  the  part  of  plaintiff  tended  to  show  that  he was  employed  by  defendant,  a corporation,  to  find  a  purchaser for  its  property  known  as  "Old  Elmsprings  Colony"  consisting of  about  5,300  acres  at  the  price  of  $65  per  acre,  of  which  one-fourth  was  to  be  paid  down  and  the  balance  in  cash  on  or  before  Jan-uary  1,  1919;  that  plaintiff's  commission  for  his  services  was agreed  to  in  the  sum  of  $1  per  acre;  that  he  produced  a  purchas-er,  to  wit,  one  F. C.  Whitehouse  of  Sioux  Falls,  who  was  ready, able,  and  willing  to  conclude  the  purchase  upon  the  agreed  terms, and  that  defendant  refused  to  sell.    In  support  of  the  judgment  it is  urged  that  the  employment  was without  authority.    It  is  first urged  that  such  employment,  being  oral,  was  contrary  to  article  9 of  the  articles  of  incorporation  of  defendant  which  provides:

"The  Kirche  Altester  or  Older  Preacher,  the  Kirche  Gehulfe or  Church  Assistant  and  the  Housholder,  or  any  other  member duly  authorized  by  a  majority  of  the  association,  shall  have  author-ity  to  sign  and  execute  all  written  contracts  except  deeds  and  con-veyances  and  contracts  in  relation  to  land  which  shall  not  be  exe-cuted  without  the  written  consent  of  the  majority  of  the  male members  of  said  association  and  upon  such  written  consent  they  or either  of  them  shall  have  the  right  to  sign  same."

[1]  This  contract  of  employment  was  a  contract  for  plaint-iff's  services,  and  was  not  a  "contract  in  relation  to  land"  within the  meaning  of  that  article.    It  was  no  more  a  contract  in  relation to  land  than  would  have  been  a  contract  of  employment  to  plow the  land  or  to  cut  hay  on  the  land.    Tyler  v.  Anglo-American  S. &  L.  Ass'n,  30  App.  Div.  404,  52  N.  Y.  Supp.  77;  Rathbun  v. McLay, 76 Conn. 308, 56 Atl. 511.

Nor,  as  claimed  by  respondent,  was  this  a  contract  within  the statute  of  frauds.    Rev.  Code  1919,  §  1249;  McLaughlin  v. Wheeler, 1 S. D. 497, 508, 47 N. W. 816.

It is next urged that the contract of employment, if any was made, was made by John Entz, the secretary of the corporation, and that Entz was not authorized to bind the corporation even if the contract was not one in relation to land.  Plaintiff testified that he went to David Hofer, the president of the corporation, and who was the "Kirche Altester," in regard to the matter.  He further testified:

"I greeted him in a friendly way, and said that I had been informed from newspapers and other talk that the Mennonite colonies had decided to leave for Canada, and he said: 'Yes, that is true." I then said; "If you are going to leave for Canada, I understand you have offered your lands for sale?'  He said 'Yes, we have; the Rockport and the Old Elmsprings Colonies.' And I said: 'What are you asking for the Rockport Colony?' He said: 'We are asking $70 per acre.'   'And what about the Old Elmsprings Colony?'  He said 'We have decided, we have voted to sell the colony.'  I said: 'If you are going to sell the land, I would like an opportunity to sell it.'  He said: 'That was all right.'  I said: 'Now, the Old Elmsprings Colony, who is authorized to sell the colony or to negotiate for the selling of the colony?  David Hofer said that John Entz—I should go to John Entz and make arrangements for the sale, for the finding of a purchaser of the colony with John Entz, and I proceeded to."

[2-4]  Plaintiff testified that Hofer told him, "We have voted to sell the colony." While this evidence was hearsay, yet it was received without objection, and, in the absence of any evidence to the contrary, was ample to support a finding that the members of this corporation had voted to sell this land.  While such a vote would not authorize the consummation of a sale in the absence of the written consent required by the articles of incorporation, it certainly gave to the officers of this corporation authority to contract with brokers to find a purchaser.

In Thompson on Corporations, we find the following rules stated:

"Where the authority of the president to bind the corporation is in controversy, the burden is on the party asserting lack of authority to sustain his position by evidence.  Express authority may be shown by a resolution of the board of directors

or by parol evidence of conduct and acquiescence which could imply express authority." Section 1493, vol. 8.

"Where an officer or agent assumes, as the proper officer or agent, to execute the contracts of the corporation, or to do any act of a particular kind in behalf of the corporation, the law presumes a precedent authorization, regularly and rightfully made." Section 2147, vol. 3.

[5] See also, Tyler v. Anglo-American S. & L. Ass'n, 30 App. Div. 404, 52 N. Y. Supp. 77. Appellant's testimony shows that he made many trips to the colony, and expended time and money in so doing, and that his employment was known to the principal officers of the corporation as well as to many, if not all, of the male members thereof. In that regard, Thompson on Corporations thus states the rule:

"It is not strictly necessary to the proper application of the principle of estoppel that the corporation should have received a benefit from the contract, but it is sufficient that the other party has acted on the faith of it to his disadvantage—as where he has expended money on the faith of it. The reason of the rule is that honesty and fair dealing are the highest public policy, and that a private corporation which is a mere collection of individuals is no more priviliged to repudiate its engagements and act dishonestly than a single individual is." Section 1964, vol. 2.

[6] David Hofer, the president, and John Entz, the secretary, were two of the three principal officers and trustees having the management of the corporation, and as we understand the record George Gross occupied the position of Householder or Head of the Household under the articles of incorporation, yet the court excluded evidence of his conversations with appellant. These conversations were especially pertinent if he were such Householder. Upon the question of estoppel any evidence tending to show knowledge of the employment of appellant on the part of any of the male members of the corporation was admissible. This is a peculiar corporation. It has members, not stockholders. They constitute a colony, in reality a big family. Where the right to sell real estate, which would ordinarily vest in the directors of a corporation, depends, as in this case, upon the written consent of a majority of the male members it is clear to us that if a majority of the male members knew that appellant had been

employed to find a purchaser, and that he was expending time and money under such employment, common honesty should estop the ,corporation from asserting that such employment was unauthorized.

[7]   We are of the opinion that the evidence offered on behalf of the plaintiff did tend to show an authorized employment, and that the question as to such authority was a question to be passed upon by the jury.

Lastly, it is urged by respondent that it was not shown that the purchaser was able to conclude the deal.   Mr. Whitehouse testified:

[8]   "I told him (Entz):  'I came out here to close the deal for the land.'

"Q.   Were you able to close that deal and pay for the property the last time you were down there?   A.   Yes, sir; according to the terms of the previous arrangement, I was."

Upon cross-examination he testified that he did not carry the money with him (some $344,000), nor did he make a tender of more than $1.   The evidence tends to show that when he went to the colony to close the deal he was informed that defendant refused to sell because of a telegram received from some of defendant's members, then in Canada.   Respondent is not in a position upon this appeal to question the ability of Mr. Whitehouse to close the deal.   He testified that he was able, and, when asked, whether he had made arrangements to raise the money to take the land, respondent objected to the testimony, and the objection was sustained.   Respondent may not now be permitted to say that the evidence was not sufficient to show such ability.

In Neiderlander v. Starr, 50 Kan. 770, 33 Pac. 592, the court said:

"If a real estate agent fully performs his contract with a landowner, he cannot be prevented from recovering his commission because the owner subsequently changes his mind about making a sale or trade of his property."

See, also, Huntemer v. Arent, 16 S. D. 465, 93 N. W. 653.

The trial court, therefore, erred in taking the case from the jury.

The judgment and order appealed from are reversed, and the cause is remanded for a new trial.