STABLEIN, Appellant, v. HUTTERISCHE GEMEINDE, Respondent.

(189 N. W. 312.)

(File No. 5026.    Opinion filed July 8, 1922.    Rehearing denied October 27, 1922.)

1. **Brokers—Hutterische Gemeinde, Charter Provision Re, Business Control in Officers as Per "Rules of Association"—Corporate By-laws as Defining, Limiting, Corporate Powers, Equivalent to "Rules of Association"—Absence of By-laws, Effect Re Authority to Make Land Contracts.**

The statute governing corporations requires by-laws defining extent and manner of exercise of corporate officers' powers; such by-laws constituting the "rules of association," as defined in the charter of Hutterische Gemeinde, providing that its principal officers shall have charge and control of all business of the association and direction of its affairs "according to the rules of said association"; and in absence of by-laws the only charter limitation upon its officers' authority "to control all business of said association, and direction of its affairs," is that they are not permitted to make deeds and contracts in relation to land until authorized in writing by a majority of the male members of the association. So held, where under the charter the right to sell realty, ordinarily vested in cor-

porate officers, depends here upon written consent of such majority.

2. **Corporations—Hutterische Gemeinde, President's Testimony Re Non-meeting to Decide Land Sale and Broker Hire, Non-hiring by President, That Meeting Necessary, Competency—Instruction Permitting Testimony, as Prejudicial Error.**

   Testimony of the president of Hutterische Gemeinde, a non-stock corporation, that no meeting was called or had of its members to consider and decide on land sale nor as to hiring an agent or broker to procure buyers therefor, that no meeting was held giving him authority to hire, etc., and that he never undertook as president to hire, etc., that as president he could not nor could either of the trustees make such contract without a meeting nor employ a broker to find a buyer for the lands and agree to pay him a commission without having authority from a majority of the members, was incompetent; since, in absence of written by-laws and under the articles of incorporation, the only evidence of officers' authority is that its principal officers are given charge and control of all corporate business; and plaintiff broker was not bound by oral evidence of rules and regulations of which he had no notice. **Held**, further, that trial court erred in charging that under said articles and the evidence, none of its officers in question had actual authority to enter into such contract of employment without the approval of the corporation or a majority of its male members; that such ruling was prejudicial error.

3. **Same—Non-provision in Charter for Trustees' Meetings Re Business Transactions—Non-necessity of Record of Meetings—Trustees' Authority.**

   Where a corporate charter does not provide for formal meetings of corporate trustees for transaction of general business entrusted to them by the corporate articles, and there are no by-laws requiring such meetings, no record of such meetings is required in order to validate a corporate contract for hiring of broker for land sale and for paying commission therefor; and the trustees or a majority of them, may contract for such land sale without any formal meeting or record thereof.

4. **Evidence—Sharp Conflict Re Land Sale Contract—Question for Jury, Non-review on Appeal.**

   Where there was a sharp conflict in evidence as to whether a corporate land sale contract was made with plaintiff as broken, a question exclusively for jury was presented with which this Court will not deal on appeal.

5. **Appeals—Error—Land Sale Commission, Procuring Able Pur-**

chaser, **Assigning Error Re Instruction, Effect Re Sufficiency of Evidence.**

An assignment of error drawing in question trial court's instruction, in a·suit to recover land sale commission, that under corporate articles in question and the evidence, actual authority to enter into the alleged contract of employment without approval of corporation or majority of its male members, did not exist, is unavailing for purpose of presentation on appeal of sufficiency of evidence as to plaintiff having procured a purchaser able and willing, etc.; such assignment presenting only a question of law. Whether respondent might revert to the evidence to determine whether the instruction was or not prejudicial, not determined.

6.   **Appeals—Error—Prejudicial Error Re Receipt of Evidence and Instructing Thereon, Whether Off-set by Insufficiency of Evidence on Branch of Case, Appeal Not Presenting Sufficiency.**

This Court cannot hold that respondent can offset prejudicial error in receiving evidence and giving instructions on one branch of case, by claiming that in any event evidence upon branch of case is insufficient, nor that appellant could not be prejudiced by errors otherwise prejudicial, when the appeal fails to present insufficiency of evidence.

Appeal from Circuit Court, Hutchinson County. Hon. Robert B. Tripp, Judge.

Action by O. K. Stablein, against the Hutterische Gemeinde, (Old Elm Springs), a corporation, to recover a commission upon an alleged contract for sale of land. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

For former decision see 43 S. D. 54, 177 N. W. 810.

*W. H. Seacat, W. R. Danforth,* and *G. J. Danforth,* for Appellant.

*N. J. Cramer,* and *Coe I. Crawford,* for Respondent.

(1)   To point one of the opinion, Appellant cited: 2 Thomp. on Corp., Sec. 1687; American Nat. Bk. v. Wheeler (S. D.), 141 N. W. 396.

Respondent cited: Thomp. on Corp., Secs. 4887, 4890; Ex parte Wilcox (N. Y.), 7 Cow. 248.

SMITH, J. Action to recover commissions upon an alleged contract of employment as broker to find a purchaser for real estate. Verdict and judgment for defendant. Appeal is from

the judgment and an order overruling motion for a new trial. This cause was before us on a former appeal from an order directing a verdict for defendant. The decision is reported in 43 S. D. 54, 177 N. W. 810. Two propositions were settled by that decision: First, that the alleged contract with plaintiff to find a purchaser for the corporate real estate is not a "contract in relation to real estate," within the meaning of that provision of defendant's charter which authorizes certain of its officers to sign and execute all written contracts, "except deeds and conveyances and contracts in relation to land, which shall not be executed without the written consent of a majority of the male members of said association, and upon such written consent they or either of them shall have the right to sign the same," that such a contract of employment is not within the statute of frauds, and that an oral contract of employment would be valid and binding if established by evidence; second, that if there was a verbal contract made with the president of the corporation with the knowledge and consent of one or more of the principal officers having general management and control of the affairs of the corporation, though made without a formal meeting of such controlling officers or board, if plaintiff, pursuant to such contract, rendered the services alleged to have been contracted for, with the knowledge and acquiescence of a majority of the male members of the association, the corporation would be estopped from alleging the invalidity of such contract.

The charter provides that:

"The said principal officers shall have the charge and control of all business of said association, and the direction of its affairs, according to the rules of said association."

[1] The statute (Rev. Code 1919, § 8757 et seq.) governing corporations requires the adoption of by-laws defining the extent and the manner of the exercise of the powers of corporate officers, which by-laws necessarily constitute the "rules of said association," except in so far as the authority of such officers may be specifically limited by provisions of the charter itself. And in the absence of by-laws the only limitation placed by the charter upon the authority of the officers named "to control all business of said association, and the direction of its affairs," is that they are not permitted to make deeds and contracts in relation to land

until authorized in writing by a majority of the male members of the association. It is undisputed that no by-laws were ever adopted by the corporation as required by the statute. It was appellant's contention that the contract authorizing him to find a purchaser for the land and fixing the commission for such services was made with Mr. John Entz as trustee, with the knowledge and consent of another trustee.

Mr. Entz testified, in substance, that he told Mr. Stablein that they would sell the land if they could get what they wanted for it, that the price was $65.00 an acre, and admitted that he told Mr. Whitehouse, the prospective purchaser, the same thing and showed him a piece of paper with the descriptions of the land and sent Mr. Wurtz out to show him the land. And in response to the question:

"Your land was for sale, wasn't it, Mr. Entz, up to the time you got this telegram?"

—he answered:

"It was for sale before but not after that. The price was $65 an acre; I tell him, no cheaper, if we sell."

Mr. David Hofer, president of the corporation and trustee, testified that himself, John Entz, and George Gross were the trustees for the corporation. He was permitted to testify, over proper objections with exceptions, that:

"No meeting was called or had of all the members of the corporation to consider and decide on the sale of lands in Old Elm Springs, nor to consider hiring an agent or broker to procure buyers for such lands, and no meeting held giving me authority, as president, to hire a broker or agent, and I never undertook as president to hire such agent or broker, nor agreed to pay him a commission; and I never stated to O. K. Stablein that the corporation had voted to sell those lands.".

Over proper objections and exceptions, he was also permitted to testify:

"Q. You do business by the decision of the majority of the members? A. Yes. As president, I could not make a contract with Stablein without a meeting to give such authority; and John Entz could not make such contract without a meeting; and George Gross could not make such contract without a meeting; and all

three of us, as trustees, could not employ a broker or real estate agent to find a buyer for the lands of the colony and agree to pay him a commission for finding a buyer without having such authority from a majority of the members."

Over similar objections and exceptions he was permitted to answer as follows:

"Q. Then, as I understand you, Mr. Hofer, the power to sell and convey your lands and to make contracts such as this, finding an agent, or employing an agent to find a buyer for your lands and paying him for it, all such power is kept in the hands of the members, and not put in the hands of the officers? Am I correct in this? A. Yes."

At the conclusion of the evidence, plaintiff moved to strike from the record all parol evidence in reference to rules and regulations of the defendant corporation, for the reason that there are no written by-laws of the corporation, and that it appears by the articles of incorporation, the only evidence of the authority of the officers of the corporation, that its principal officers are given charge and control of all the business of the corporation, and for the reason that plaintiff is not bound by oral evidence of rules and regulations of which he had no notice, which motion was denied, and the ruling is assigned as error. The following instruction involving the same proposition was given by the trial court, and is also assigned as error:

"The court charges that the law is that under the corporate articles of the association and the evidence in this case none of its officers to whom reference has here been made in this case had actual authority to enter into any such contract of employment as this with plaintiff, without the approval of the corporation or a majority of its male members, so the case would end there as against the association, unless you find," etc. (not material here). —stating certain facts which would constitute an estoppel against the corporation.

[2] We are of the view that the trial court erred in receiving the evidence above referred to and other similar evidence, and in giving the instruction above quoted.

[3, 4] Upon the former appeal this court held, in effect, that in the absence of by-laws expressly limiting their authority, the principal officers of the corporation by its articles of incor-

poration were given general charge and control of all business
of said association and the direction of its affairs, and had au-
thority to enter into an oral contract binding on the corporation
to find a purchaser for its land, and that the mode of consum-
mating such sale specified in the charter, and requiring the written
consent of a majority of the members of the corporation, was
entirely immaterial as affecting the plaintiff's right to compensa-
tion upon a contract for such services, when fully performed. The
charter does not provide for formal meetings of the trustees for
the transaction of general business intrusted to them by the ar-
ticles of incorporation, nor are there any by-laws requiring such
meetings, nor is any record of such meetings required.

We see no reason, therefore, why the trustees, or a majority
of them, may not enter into a contract of this kind on behalf
of the corporation, without any formal meeting or record thereof,
in the same manner in which the ordinary and usual business of
the corporation may be transacted. There was a direct and sharp
conflict in the evidence as to whether any such contract as that
contended for by plaintiff was ever entered into between the plain-
tiff and the trustees of the corporation. This conflict in the evi-
dence presented a question exclusively for the jury, and with that
question we have nothing to do upon this appeal. We are of
the view, however, that the trial court committed prejudicial error
in receiving oral evidence denying the authority of the trustees to
enter into a contract for procuring a purchaser for defendant's
lands, and instructing the jury that such trustees were without
authority to enter into such a contract except when authorized
by a majority of the members of the association.

[5, 6] Respondent, however, contends that such rulings and
instruction, if erroneous, were not prejudicial for the reason that
the plaintiff is not shown by the evidence to have procured a
purchaser who was able and willing to purchase the property
upon the terms required. Respondent is not in position upon
appeal to rely upon any contention based upon insufficiency of
the evidence to show such fact. It is true appellant assigns error
on an instruction of the trial court upon what must be shown
by plaintiff as to readiness and ability of a proposed purchaser
to consummate the sale, but that assignment presents only a ques-
tion of law, and raised no question of sufficiency of evidence in

favor of either party.  3 C. J. 1374.  Whether respondent might revert to the evidence to determine whether the instruction of the trial court as to what would constitute a purchaser able and willing to purchase on the terms prescribed by the employer was or was not prejudicial, we are not called upon to determine.  But we cannot hold that respondent can offset prejudicial error in receiving evidence and giving instructions upon one branch of the case, by claiming that in any event the evidence upon a distinct branch of the case is not sufficient to sustain a recovery, and that appellant could not be prejudiced by errors which otherwise would be prejudicial, when the appeal itself presents no question of insufficiency of evidence.

The order and judgment of the trial court are reversed.