LAWRENCE NELSON, as Assignee of SAUL KIRSCHNER, Appellant, v. AMERICAN CAN COMPANY, Respondent.

Second Department, February 11, 1946.

*George J. Malinsky, Abraham Engelman* and *Irwin S. Rever* for appellant.

*Robert H. O'Brien, Muriel C. Eckes* and *Marshall A. Jacobs* for respondent.

*Per Curiam.* This is an action to recover brokerage commissions in procuring a purchaser for certain premises owned by the defendant. At the close of the plaintiff's case, and again at the close of the entire case, the defendant moved to dismiss the complaint upon the ground that none of the individuals with whom the plaintiff claimed to have dealt had authority to sell defendant's real estate or to make any contract of employment to sell such real estate, and on the further ground that the plaintiff failed to show that he had procured a purchaser ready, willing and able to purchase on terms approved by the defendant. The motion was granted and judgment entered accordingly.

We are of opinion that a question of fact was presented as to whether or not the conduct of the representatives of the defendant impliedly authorized the plaintiff to negotiate the sale of the defendant's property for a commission, and whether or not plaintiff procured a purchaser ready, willing and able to purchase on defendant's terms. The negotiations extended over a period of approximately six months, during which time the plaintiff submitted various offers made by his proposed purchaser, increasing them from time to time from $175,000 to $215,000. These negotiations were known to various officers and directors of the defendant, although concededly the employee with whom plaintiff dealt had no authority to bind the defendant, without the approval of the directors or members of the executive committee. The terms of the final offer were reduced to writing, in the form of a proposed contract, by defendant's legal department, and submitted to plaintiff and his proposed buyer. The effect of the submission of this writing involves an issue of fact, the plaintiff claiming that it was the contract in final form, and the defendant that it was but a proposal for submission to the executive committee. During this period of negotiation, at the request of plaintiff, the defendant was in possession of a check for $1,000, drawn by the proposed purchaser as evidence of good faith. It is further in evidence that at the final meeting called for the purpose of executing the contract, as claimed by the plaintiff and denied by the defendant, the proposed purchaser produced a further certified check of $4,000, which, with the $1,000 in possession of defend-

ant, would make the payment on the signing of the contract $5,000, as provided in the contract form. A formal resolution is not the only evidence of corporate action. (*Young* v. *U. S. Mortgage & Trust Co.*, 214 N. Y. 279; *Catholic F. M. Society* v. *Oussani*, 215 N. Y. 1, 7; *Tyler* v. *Anglo-American Savings Assn.*, 30 App. Div. 404.)

The judgment should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

LEWIS, P. J., HAGARTY, CARSWELL, JOHNSTON and NOLAN, JJ., concur.

Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event.